**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**LINCOLN, GUSTAFSON & CERCOS LLP**
7670 W. Lake Mead Blvd., Suite 200
Las Vegas, Nevada 89128
Telephone:   (702) 257-1997
Facsimile:    (702) 257-2203
lyoung@lgclawoffice.com

**JEFFREY D. HARRIS, ESQ.** *Pro Hac Vice Pending*
Arizona Bar No. 031136
**AXIOM ADVICE & COUNSEL LLC**
2850 E. Camelback Road, Suite 245
Phoenix, Arizona  85016
Telephone:   (480) 697-4472
jeffrey.harris@axiomaac.com
*Attorneys for Plaintiff,*
*Glorium Technologies Corp.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Glorium Technologies Corp., a New Jersey corporation, | Case Number: |
| Plaintiff, | |
| v. | **Complaint** |
| BB8, LLC, a Nevada limited liability company, | |
| Defendant. | |

Plaintiff, for its complaint against Defendants in this action, alleges as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Glorium Technologies Corp. ("Plaintiff") is a New Jersey corporation that has its principal address in Princeton, New Jersey.

2. According to public records, Defendant BB8, LLC ("Defendant") is a Nevada corporation with a registered agent who may be served at 1528 West Warm Springs Road, #120,

- 1 -

1  Henderson, Nevada 89014.

2    3. Defendant has caused events to happen in, and the acts alleged in this Complaint
3  occurred in Clark County, Nevada.

4    4. This Court has jurisdiction over the parties and subject matter of this lawsuit under,
5  without limitation, 28 U.S.C. § 1332, because there is diversity of citizenship as Plaintiff is a citizen
6  of New Jersey, Defendant is a citizen of Nevada, and more than $75,000 is in dispute.

7    5. Jurisdiction and venue in this state and county are proper.

## II. FACTUAL BASIS FOR PLAINTIFF'S CLAIMS

9    6. Plaintiff and Defendant signed a Framework Consulting Agreement dated November
10 29, 2022 (the "Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**.

11   7. Under the Agreement, Plaintiff provided Defendant with consulting services as
12 further detailed in statements of work. *See* Agreement ¶ 1(a).

13   8. Defendant agreed to timely pay Plaintiff for consulting services. *See* Agreement ¶¶
14 3(a), 3(d).

15   9. The parties agreed that Defendant would have five business days after receipt of an
16 invoice, during which to dispute in writing any portions of the invoice before the invoice "shall be
17 considered to be agreed on and approved by the Company [Defendant]." *See* Agreement ¶ 3(c).

18   10. The parties further agreed that if Defendant failed to timely pay any invoice that
19 Defendant did not dispute within five business days after receipt in writing, a late payment fee would
20 apply to each such invoice. See Agreement ¶ 3(e).

21   11. The Agreement contemplates that the parties would enter Statements of Work,
22 describing the services to be performed by Plaintiff. The most recent statement of work is dated
23 December 14, 2022 (the "Statement of Work"), a true and correct copy of which is attached hereto
24 as **Exhibit B**.

25   12. The Statement of Work contemplates work requested by Defendant during the period
26 December 2022 through May 2023. *See* Statement of Work ¶ 1. Specifically, Plaintiff requested, and
27 Defendant agreed to provide "[s]oftware development requirements creation, technical solutions
28 planning, UI/UX wireframing and consulting." *See id.*

13. In the Statement of Work, Defendant specified the roles of individuals assigned to perform the work (e.g., Senior Developer, Project Manager, Business Analyst), the average working hours per day and the rate per hour for each. *See* Statement of Work ¶ 2. Further, the Statement of Work set forth both "optimistic" and "realistic" estimates of billable hours and fees per project that would be necessary for the work requested by Plaintiff. *See* Statement of Work pp. 2-4. While the fees were realistically estimated to be $183,639, the parties agreed that Plaintiff's fees would be capped at $150,000 for this Statement of Work. *See id.* ¶ 3(a).

14. On or about April 4, 2023, Plaintiff sent to Defendant invoice number GLOR630 for work performed by Plaintiff, said invoice in the amount of $29,429 (the "April Invoice"), a true and correct copy of which is attached hereto as **Exhibit C**.

15. Defendant did not dispute the April Invoice in writing within five business days of receipt.

16. Because Defendant did not dispute the April Invoice in writing within five business days of receipt, the April Invoice is deemed "agreed upon and approved by" Defendant under the Agreement.

17. Defendant has not paid the April Invoice.

18. On or about May 4, 2023, Plaintiff sent to Defendant invoice number GLOR666 for work performed, said invoice in the amount of $27,468 (the "May Invoice"), a true and correct copy of which is attached hereto as **Exhibit D**.

19. Defendant did not dispute the May Invoice in writing within five business days of receipt.

20. Because Defendant did not dispute the May Invoice in writing within five business days of receipt, the May Invoice is deemed "agreed upon and approved by" Defendant under the Agreement.

21. Defendant has not paid the May Invoice.

22. On or about July 3, 2023, Plaintiff, by and through counsel, sent an email to Defendant demanding payment of the April and May Invoices. A true and correct copy of that email is attached hereto as **Exhibit E**.

23. On or about January 16, 2024 Plaintiff, by and through counsel, sent its Final Demand for Payment of Outstanding Invoices (the "Final Demand"), a true and correct copy of which is attached hereto as **Exhibit F**.

24. Defendant did not respond to the Final Demand.

25. Under the April and May Invoices, Defendant owes Plaintiff no less than $81,307, which includes but is not limited to $69,102.37 in principal, at least $6,739.24 in late fees on the April Invoice, at least $5,466.13 in late fees on the May Invoice, as well as attorneys' fees, costs, and interest. The late fees referenced here are those identified in the January 16, 2024 Final Demand; however, late fees continue to accrue and now exceed those amounts. See Agreement ¶ 3(e).

### III. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Breach of Contract**

26. Plaintiff incorporates by reference each and every allegation of this Complaint as if again alleged in full.

27. The Agreement and the accompanying Statement of Work constitute a valid and enforceable contract between Plaintiff and Defendant.

28. Plaintiff has performed its obligations under the Agreement and Statement of Work.

29. Defendant has failed to pay Plaintiff monies due and owing under the Agreement and Statement of Work, which constitutes a breach of contract.

30. Under the Agreement, Plaintiff is further entitled to payment of late fees, as well as reasonable attorneys' fees and costs, incurred by Plaintiff in prosecuting this action.

31. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined by the Court, but in no event less than $81,307.

### SECOND CLAIM FOR RELIEF

**Account Stated**

32. Plaintiff incorporates by reference each and every allegation of this Complaint as if again alleged in full.

33. Prior transactions between Plaintiff and Defendant under the Agreement show Plaintiff invoicing Defendant for work performed and Defendant paying those invoices, thus establishing Plaintiff as creditor and Defendant as debtor.

34. In the Statement of Work, Plaintiff and Defendant agreed that Defendant would pay Plaintiff fees up to $150,000, such fees to be invoiced monthly in accordance with the terms of the Agreement.

35. Plaintiff expressly or implicitly agreed to pay the amounts due under the April and May Invoices, in accordance with the Statement of Work.

36. Plaintiff further impliedly agreed to pay the amounts due under the April and May Invoices because Plaintiff did not dispute either the April Invoice or the May Invoice in writing within five business days of receipt, thus each Invoice is deemed "agreed upon and approved by" Defendant under the Agreement.

37. As a direct and proximate result of Defendant's refusal to pay the April and May Invoices due on its account, Plaintiff has suffered damages in an amount to be determined by the Court, but in no event less than $81,307.

### THIRD CLAIM FOR RELIEF

### Unjust Enrichment

38. Plaintiff incorporates by reference each and every allegation of this Complaint as if again alleged in full.

39. Plaintiff performed work requested by Defendant, as set forth by the parties in the Statement of Work.

40. Defendant knowingly benefitted from the work performed by Plaintiff.

41. It would be inequitable for Defendant to retain the benefit of Plaintiff's work without paying fair market value.

42. Plaintiff is entitled to the entry of a money judgment in favor of Lessor and against Guarantors in an amount to be determined by the Court, but in no event less than $81,307.

/ / /

/ / /

### III. JURY DEMAND

43. Plaintiff hereby requests a jury trial on all issues for which Plaintiff is entitled to one by law.

### IV. REQUEST FOR RELIEF

Wherefore, Plaintiff requests a judgment in its favor and against Defendant as follows:

A. On Plaintiff's First Cause of Action, a judgment in favor of Plaintiff and against Defendant for all monies due and owing upon Defendant's breach of the Agreement, in an amount to be determined by this Court;

B. On Plaintiff's Second Cause of Action, a judgement in favor of Plaintiff and against the Defendant for all monies due and owing on Defendant's account, in an amount to be determined by this Court;

C. For Plaintiff's reasonable attorneys' fees and costs;

D. For pre-judgment and post-judgment interest at the highest rate allowed by law; and

E. For any other or further relief as may be deemed appropriate.

Respectfully submitted this 12th day of April, 2024.

**LINCOLN, GUSTAFSON & CERCOS LLP**

By: */s/ Loren S. Young*
Loren S. Young, Esq.
Nevada Bar No. 7567
7670 W. Lake Mead Blvd., Suite 200
Las Vegas, Nevada 89128

*-and-*

**AXIOM ADVICE & COUNSEL LLC**

By: */s/ Jeffrey D. Harris*
Jeffrey D. Harris, Esq. *Pro Hac Vice Pending*
Arizona Bar No. 031136
2850 E. Camelback Road, Suite 245
Phoenix, Arizona 85016
*Attorneys for Plaintiff Glorium Technologies Corp.*