# EXHIBIT "A"

## FRAMEWORK CONSULTING AGREEMENT

This Framework Consulting Agreement ("**Agreement**") is made as of 11/29/2022 ("**Effective Date**"), by and between BB8 LLC having its principal place of business at 1528 W Warm Springs Rd, #120 Henderson, NV 89014 ("Company"), and Glorium Technologies Corp having its principal office at 100 Overlook Center 2nd floor, Princeton, NJ 08540, USA ("**Consultant**"), hereinafter collectively referred as to the **"Parties".**

## RECITALS

1.      The Consultant has expertise in IT-Services related to the Company's business and is willing to provide consulting services to the Company.

2.      The Company is willing to engage the Consultant as an independent contractor, and not as an employee, on the terms and conditions set forth herein.

## AGREEMENT

In consideration of the foregoing and of the mutual promises set forth herein, and intending to be legally bound, the Parties hereto agree as follows:

1.      **Services.**

(a)      From time to time, the Company and the Consultant may execute Statements Of Work ("SOW"). Each SOW will describe consulting services to be performed by the Consultant and/or a product to be delivered by the Consultant to the Company ("*Services*").  Each SOW will expressly refer and comply with this Agreement.

(b)      The Consultant shall keep and periodically provide the Company with a log describing the work activities and working hours, which the Consultant spent on these activities, usually in the form of Time Sheet or Weekly/Monthly Status Report.

2.      **On-site work.** The Company can demand that the Consultant will send dedicated Consultant's employees or subcontractors to the Company's premises according to the Company's needs. Consultant's employee(s) will work according to the timings and hours of the Company's premises. In this case the Company shall provide the following:

(a) Reimbursement of visa fee, medical insurance and tickets from home base to the Company's premises and back.

(b) Lodging in corporate housing/hotel and daily allowance according to the local legislature.

(c) Any other related expenses agreed upon between the Parties.

3.      **Compensation.**

(a)      The Company shall pay to the Consultant fees in the manner and at the rates set forth in each SOW. Advance payment(s) can be stipulated in each SOW.

(b)      Consultant will send invoices to the Company on a monthly basis with even intervals (on the first days of the month), or as it is agreed in each SOW.

(c)      If the Company objects to any portion of an invoice, the Company shall notify the Consultant in writing within 5 (five) business days of receipt of the invoice. The Company shall identify in writing the specific cause of the disagreement and the amount in dispute, and shall pay that portion of the invoice not in dispute in accordance with the other payment terms of this Agreement. The Parties then shall apply their best efforts to resolve the dispute by direct negotiation in a timely manner. If the Company doesn't send any invoice dispute notifications in writing to the

Consultant within 5 (five) business days of the receipt of the invoice, then the invoice shall be considered to be agreed on and approved by the Company.

(d)      The Company shall pay invoice in 15 (fifteen) calendar days from the date of invoice, or, for disputed amounts, from the date the Parties came to the agreement over the amount in dispute.

(e)      If payment is not received in full by the Consultant within 15 (fifteen) calendar days after the date it was due, the Company shall pay Consultant a late payment fee calculated as 0.1% (one tenth percent) from the unpaid amount for every day of the delay after 15 (fifteen) calendar days after the payment due date.

(f)      Overtime hours and rates should be agreed between the Parties. Overtime hours should be paid at the rates defined in each SOW.

(g)      Reasonable out of pocket expenses incurred by the Consultant that are authorized by the Company in advance shall be reimbursed by the Company to the Consultant within 15 (fifteen) calendar days from the date of invoice.

**4.      Term and Termination.**

This Agreement will commence on the date first written above and will be finished concurrent with the last Statement of Work executed and in effect between the Parties. The Agreement will be prolonged automatically for the same Term, unless either party sends a written notice 30 days prior to termination of the Agreement to the other party. Moreover, the Agreement (including all SOW) may be modified by a mutual written agreement of the Parties, and either party may terminate this Agreement (including all SOW) upon 30 days written notice to the other party.

**5.      Confidentiality.**

Refer to BB8 LLC CONSULTANT NONDISCLOSURE, NONCOMPETITION AND ASSIGNMENT OF INTELLECTUAL PROPERTY AGREEMENT.

**6.      Relations of the Parties.**

(a)      The relationship between the Consultant and the Company is that of an independent contractor under a "work for hire" arrangement. This Agreement is not authority for the Consultant to act for the Company as its agent or make commitments on behalf of the Company. The Consultant will perform the Services under the general direction of the Company, but the Consultant will determine, in Consultant's sole discretion, the manner and means by which the Services are accomplished.

(b)      The Consultant shall not be eligible for any employee benefits, nor shall the Company make deductions from fees to the Consultant for taxes, insurance, bonds or the like. The Parties agree to pay all their appropriate local, state and federal taxes.  The Consultant shall not be entitled to participate in any plans, arrangements, or distributions by the Company pertaining to any bonus, stock option, profit sharing, insurance or similar benefits for Company's employees.

**7.      Ownership and Intellectual Property Rights.**

BB8 LLC CONSULTANT NONDISCLOSURE, NONCOMPETITION AND ASSIGNMENT OF INTELLECTUAL PROPERTY AGREEMENT.

**8.      Interference with Business.**

BB8 LLC CONSULTANT NONDISCLOSURE, NONCOMPETITION AND ASSIGNMENT OF INTELLECTUAL PROPERTY AGREEMENT.

**9.      Representations and Warranties.**

The Consultant represents and warrants (i) that the Consultant has no obligations, legal or otherwise, inconsistent with the terms of this Agreement or with Consultant's undertaking this relationship with the Company, (ii) that the performance of the Services called for by this Agreement does not and shall not violate any proprietary or other right of any third party, unless such a violation

is resulted in the Company's written request with latent meaning, (iii) that the Consultant shall not use in the performance of his responsibilities under this Agreement any confidential information or trade secrets of any other person or entity.

10.    **Indemnification.**

(a)    Except for damage caused by Company's sole negligence, the Consultant shall indemnify and hold the Company harmless from and against any and all claims, demands and actions, and any liabilities, damages or expenses resulting therefore, including court costs and reasonable attorneys' fees, arising out of or directly relating to the Services performed by the Consultant under this Agreement. Consultant's obligations under this paragraph 10 hereof shall survive the termination of this Agreement for any reason.

(b)    To the extent it is lawful to exclude the obligations of the Parties under this Agreement, in no event shall either party be liable for any loss of profits, goodwill, loss of business, loss of data or any other indirect or consequential loss.

11.    **Attorney's Fees.** Should either party hereto, or any heir, personal representative, successor or assignee of either party hereto, resort to litigation to enforce this Agreement, the party or parties prevailing in such litigation shall be entitled, in addition to such other relief as may be granted, to recover its or their reasonable attorneys' fees and costs in such litigation from the party or parties against whom enforcement was sought.

12.    **Entire Agreement.** This Agreement contains the entire understanding and agreement between the Parties hereto with respect to its subject matter and supersedes any prior or contemporaneous written or oral agreements, representations or warranties between them respecting the subject matter hereof.

13.    **Severability.** If any term, provision, covenant or condition of this Agreement, or the application thereof to any person, place or circumstance, shall be held by a court of competent jurisdiction to be invalid, unenforceable or void, the remainder of this Agreement and such term, provision, covenant or condition as applied to other persons, places and circumstances shall remain in full force and effect.

14.    **Rights Cumulative.** The rights and remedies provided by this Agreement are cumulative, and the exercise of any right or remedy by either party hereto (or by its successors), whether pursuant to this Agreement, to any other agreement, or to law, shall not preclude or waive its right to exercise any or all other rights and remedies.

15.    **Nonwaiver.** No failure or neglect of either party hereto in any instance to exercise any right, power or privilege hereunder or under law shall constitute a waiver of any other right, power or privilege or of the same right, power or privilege in any other instance. All waivers by either party hereto must be contained in a written instrument signed by the party to be charged and, in the case of the Company, by an executive officer of the Company or other person duly authorized by Company.

16.    **Assignment.** This Agreement may not be assigned by the Consultant without the Company's prior written consent. This Agreement may be assigned by the Company in connection with a merger or sale of all or substantially all of its assets, and in other instances with the Consultant's consent which consent shall not be unreasonably withheld or delayed.

17.    **Compliance with Law.** In connection with the Services rendered hereunder, the Consultant agrees to abide by all federal, state and local laws which are in force in the state of Consultant's registration.

18.    **Governing Law.** This Agreement shall be construed in accordance with, and all actions arising hereunder shall be governed by, the laws of the State of Nevada, USA.

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the Effective Date.

Authority to Sign. Each person signing this Agreement represents and warrants that he or she is duly authorized and has legal capacity to execute and deliver this Agreement. Each party represents and warrants to the other that the execution and delivery of this Agreement and the performance of such party's obligations have been duly authorized and that the Agreement is a valid and legal agreement binding on the Party and enforceable according to its terms.

**BB8 LLC**                                      **Glorium Technologies Corp**

By: _Yuli Gu_                                    By: _Andrei Kasyanau_
    AB8370C026B0489...                               D408DA11E741423...

Name: Yuli Gu                                    Name: Andrei Kasyanau

Title: Owner, BB8 LLC                            Title: CEO, Glorium Technologies Corp

Date:    11/29/2022                              Date:    11/30/2022