# EXHIBIT "F"



2850 E. Camelback Road, Suite 245
Phoenix, AZ 85016
+1-480-697-4472

jeffrey.harris@axiomaac.com

January 16, 2024

**Via Certified Mail, Return Receipt Requested,
U.S. First-Class Mail, and Email**

Oestreicher Law, LLC
c/o Hailey Marie Oestreicher, Registered Agent
974 Guthrie Road
Helena, MT 59602
Attn: Derek Oestreicher, Attorney
derek@olawmt.com

    **Re: Final Demand for Payment of Outstanding Invoices
      Glorium Technologies Corp Invoice Nos. GLOR630 and GLOR666**

Dear Mr. Oestreicher:

  I represent Glorium Technologies Corp, a New Jersey corporation ("Glorium"), as to its dispute with BB8, LLC, a Nevada limited liability company ("BB8"), regarding BB8's non-payment to Glorium for the invoices numbered GLOR630 and GLOR666 which are dated, respectively, April 4 and May 4, 2023, and copies of which are enclosed as **Exhibit A** and **Exhibit B**. As you know, Glorium previously demanded payment via email on July 3, 2023, a copy of which email is enclosed as **Exhibit C**. I am directing this letter to your attention due to your responsive email on July 5, 2023, a copy of which is enclosed as **Exhibit D**, which indicated that you represent BB8 and requested that all communications about this matter be sent to you. Please let me know if that is no longer the case.

  As you know, BB8 and Glorium signed a framework consulting agreement dated November 29, 2022 (the "Consulting Agreement"), a copy of which is enclosed as **Exhibit E**, which contemplated that Glorium would provide BB8 with consulting services as detailed in further statements of work,[1] and that BB8 would timely pay Glorium within 15 calendar days for these services.[2] The parties agreed that BB8 would have five business days after receipt of an invoice in which to dispute in writing any portions of the invoice before the invoice "shall be considered to be agreed on and approved by the Company [BB8]."[3] The parties also agreed that

---

[1] *See, for example*, Ex. E at paragraph 1(a).

[2] *See id.* at paragraphs 3(a) and 3(d).

[3] *Id.* at paragraph 3(c).

Derek Oestreicher
January 16, 2024
Page 2

---

if BB8 failed to timely pay any invoices that had not been timely disputed in writing, a late payment fee would apply,[4] and that BB8 would reimburse Glorium for the attorney fees and costs Glorium were to incur in enforcing the Consulting Agreement.[5]

The most recent statement of work between the parties, dated December 14, 2022 (the "Statement of Work"), a copy of which is enclosed as **Exhibit F**, was signed by BB8 through its owner on December 27, 2022. In the Statement of Work, among other things, Glorium set forth the number of individuals that would be servicing BB8, along with both "optimistic" and "realistic" estimates of billable hours and fees per project that would be necessary for the work BB8 had requested during the period of December 2022 through May 2023.[6] While the fees were realistically estimated to be $183,639, the parties agreed to cap the fees at $150,000 for this Statement of Work.[7]

Glorium sent invoice number GLOR630 for $29,429 to BB8 on April 4, 2023.[8] Glorium then sent invoice number GLOR666 for $27,468 to BB8 on May 4, 2023.[9] Neither of these invoices has been paid—and neither of these invoices were timely disputed in writing, causing them to be deemed "agreed upon and approved by" BB8 under the terms of the Consulting Agreement outlined above.

Due to BB8's delinquency, invoice GLOR630 now carries at least $6,739.24 in late fees and invoice GLOR666 now carries at least $5,466.13 in late fees. As a result, BB8 now owes Glorium no less than $69,102.37 in principal, not including attorney fees, costs, and interest.

Glorium hereby makes final demand on BB8 for BB8 to pay Glorium **$69,102.37** in good funds made payable to Glorium Technologies Corp that are physically delivered to my office at the address on the first page of this letter in Phoenix, Arizona, no later than **February 2, 2024**. Should BB8 fail to remit full payment for this amount to my office by that date, Glorium will proceed with legal action against BB8 to recover the full amount of its principal, late fees, attorney fees, costs, and interest.

My client intends to waive none of its rights through this letter, all of which are reserved. All correspondence regarding this matter should be kept in writing and directed to me. Thank you for your anticipated cooperation. Please contact me should you wish to discuss this letter in more detail.

---

[4] *Id.* at paragraph 3(e).

[5] *Id.* at paragraph 11.

[6] *See generally* Ex. F.

[7] *See id.* at 4-5.

[8] *See generally* Ex. A.

[9] *See generally* Ex. B.

Derek Oestreicher
January 16, 2024
Page 3

---

                                                Very truly yours,

                                                **AXIOM ADVICE & COUNSEL LLC**

                                                Jeffrey D. Harris

JDH
Enclosures:  As stated
cc:             Client (via email)