UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Glorium Technologies Corp.,

          Plaintiff,

    v.

BB8, LLC,

          Defendant.

BB8, LLC,

          Counterclaimant,

    v.

Glorium Technologies Corp.,

          Counterclaim Defendant.

Case No. 2:24-cv-00712-JAD-EJY

**ORDER**

Pending before the Court are (1) Defendant/Counterclaimant BB8 LLC's Motion for Evidence and Terminating Sanctions or to Compel and for Rescheduling as Necessary (ECF No. 60),[1] and (2) Plaintiff/Counterclaim Defendant Glorium Technologies Corp.'s Second Motion for Protective Order (ECF No. 64).[2]  The Court reviewed the Motions, their corresponding Responses (ECF Nos. 63, 67), and the Reply in support of the Motion to Compel (ECF No. 65).  No reply was filed in support of the Motion for Protective Order.

Discovery has broken down in this case.  BB8's Motion to Compel was filed after a series of missed deadlines and lengthy communications between counsel.  ECF No. 60 at 4-6.  The Court orders Glorium to provide amended interrogatory responses, as it promised to do five months ago, subject to the limitations set forth below.  The Court denies the Motion for Protective Order.

---

[1] Defendant/Counterclaimant BB8 LLC is referred to as "BB8" or "Defendant."
[2] Plaintiff/Counterclaim Defendant Glorium Technologies Corp is referred to as "Glorium" or "Plaintiff."

## I.      Background

The Court begins with its July 11, 2025 Order that required the parties to meet and confer regarding a potential extension of discovery (described in BB8's then-pending Motion to Continue Discovery Deadlines) which, if granted, would have provided Glorium time to respond to 32 pending interrogatories that remain at issue today.  ECF Nos. 54; 55.  Ultimately, the parties stipulated to resolve their discovery disputes, extend the discovery deadline to November 13, 2025 and, in relevant part, affirm Glorium would respond to the 32 interrogatories propounded by BB8 on June 25, 2025; however, the stipulation did not state a new due date for the responses.  ECF No. 57 at 2-3.  What is clear is that the original July 25, 2025 due date for interrogatory responses came and went without responses and, on August 14, 2025, the parties agreed Glorium would respond no later than August 22, 2025.  ECF No. 60-3.  As of August 26, 2025 no responses were received from Glorium.  ECF No. 60-5.  On August 28, 2025, the parties agreed to another extension giving Glorium to September 3, 2025 to serve their overdue responses, but no responses were received on that date.  ECF Nos. 60-6, 60-7.  In total the Court finds Glorium missed multiple deadlines to submit its interrogatory responses.  ECF Nos. 60-3, 60-5, 60-6, 60-7.

Specifically, with respect to the September failure to timely respond to BB8's interrogatories, Glorium's counsel sent an email discussing the death of a "law partner's brother," reassignment of cases, his availability to discuss the missed deadlines, and hope that his client would review and approve the draft interrogatory responses in the "coming few days" thereby mooting the need for a call.  ECF No. 60-9 at 2.  BB8 responded that the recent passing of a law partner's brother did not explain the delay and missed deadlines in July and August, and scheduled a meet and confer phone call for Monday, September 8, 2025, at 3:00 pm EST.[3]  *Id*.  Despite efforts to reach Glorium's counsel on Monday, September 8, such counsel did not answer any of BB8's calls or otherwise communicate his unavailability.  ECF No. 60-10 at 2.  Four hours after BB8 sent an email documenting its efforts to meet and confer at the agreed upon time, Glorium's counsel apologized for the missed call and rescheduled the phone call for September 12 at 2 pm EST.  ECF No. 60-11 at 2.

---

[3]      As reflected on the docket, Glorium's counsel is located in Knoxville, Tennessee.

On September 12, 2025, the parties held a telephonic meet and confer.  ECF No. 60-12 at 2.  BB8's counsel memorialized the meet and confer in an email stating that if interrogatory responses were not received by September 19, BB8 would file a motion to compel.  *Id*.  Although BB8 received interrogatory responses on September 19, 2025 (ECF No. 60-14), this did not end the dispute.

On September 25, 2025, BB8 sent a letter to Glorium noting deficiencies in the interrogatory responses and setting a meet and confer for the following day.  ECF No. 60-15 at 3-7.  BB8's letter addressed several responses that included objections, reminding Glorium it waived all objections when it initially failed to timely respond to the interrogatories.  *Id*. at 3; *see also* ECF No. 60-3 at 2.  BB8 also pointed out that the responses were not verified by a corporate officer rendering them legally insufficient under Fed. R. Civ. P. 33.  *Id*. at 4.  Lastly, BB8 provided Glorium with several examples demonstrating Glorium's responses were substantively evasive.  *Id*. at 4-7.  After another meet and confer, Glorium agreed it would amend its interrogatory responses to "(1) remove all objections, (2) include proper verification by a corporate officer, and (3) provide complete, substantive answers to each interrogatory, without any objection," by midnight on October 7, 2025.  ECF No. 60-16 at 2.  Based on this representation, BB8 agreed to defer filing a motion to compel.  *Id*.

Once again Glorium did not provide BB8 complete, verified responses.  ECF No. 60-17 at 2.  After the October 7 deadline passed, Glorium affirmed that it was unable to meet the amended response deadline, noting in an email that counsel had been experiencing a personal emergency for the past week.  *Id*.  Glorium maintained it would provide "its amended responses to the interrogatories as soon as is humanly practicable."  ECF No. 60-17 at 2.  BB8 responded and highlighted its belief that the continuous delays were not the result of "[counsel's] availability but … [Glorium's] refusal to respond."  ECF No. 60-17 at 3.  Ultimately, BB8 interpreted Glorium's perpetual failures to meet deadlines as indicating "[Plaintiff] has no intention of responding appropriately" and thus would proceed with a motion to compel.  ECF No. 60-17 at 3.

**II.    The Motions**

BB8's Motion to Compel mirrors the substantive arguments stated in its objection letter.  *Compare* ECF No. 60 with ECF No. 60-15 at 3-7.  That is, BB8 argues that Glorium waived its right

to object to the interrogatories, the responses are evasive, and the failure to provide a verification renders the responses legally insufficient.  ECF No. 60 at 14-18.  BB8 requests sanctions, up to and including terminating sanctions, as well as an award of attorney's fees.  *Id*. at 19-20.

Glorium filed a Response to BB8's Motion offering broad stroke arguments.  ECF No. 63.  Despite acknowledging—at least implicitly—waiver of objections,[4] the Response focuses on proportionality arguing BB8's discovery requests are excessive when compared to the value of this case, which Glorium calculates as barely exceeding the amount in controversy requirement for diversity jurisdiction.  *Id*. at 2-3.  Glorium cites its compliance with previous discovery requests, specifically the requests for production and requests for admission mentioned in the July 10, 2025 stipulation.  *Id*. at 4 (referencing ECF No. 53).  Glorium addresses the personal and professional emergencies counsel experienced during the past year.  *Id*. at 8.  Glorium maintains that, as of the date it filed its Response, it was working to amend interrogatory responses that were "likely [to] be served by November 18, 2025."  *Id*. at 10.  Plaintiff nonetheless also argues several of BB8's interrogatories were excessive and attempt to shift the burden to Glorium "to do BB8's … case preparation work …."  *Id*. at 11.  Glorium further argues that if the Court grants BB8's Motion, the sanctions requested are disproportionate and resolution of this case should be based on the merits not on a discovery request.  *Id*.

The same day it filed a Response to BB8's Motion to Compel, Glorium filed a Motion for Protective Order seeking to prohibit responses to Interrogatory Nos. 2, 24, and 25 or, alternatively, an order requiring responses to Interrogatory Nos. 24 and 25 be designated as attorneys' eyes only.  ECF No. 64 at 2.  Explaining the attorneys' eyes only request, Glorium indicated that Interrogatory Nos. 24 and 25 request non-party personal and sensitive information.  *Id*. at 3.  Glorium also reiterated its proportionality argument made in Response to BB8's Motion to Compel.  *Id*.

BB8 replied pointing out that Glorium did not respond to the merits of the Motion to Compel.  ECF No. 65 at 2.  As for Glorium's actual arguments, BB8 says the delayed responses are

---

[4]   ECF No. 60-16 at 2 ("Per your letter dated September 25, 2025, Glorium will serve amended responses … that (1) remove all objections…").

unreasonable and any arguments about the scope of discovery were adjudicated at the Court's January 2025 hearing. *Id*. at 6-8.

BB8 also filed an Opposition to Glorium's Motion for Protective Order. ECF No. 67. Therein, BB8 argues Glorium did not submit any credible evidence to support why it would be overly burdensome to respond to the interrogatories. *Id*. at 2-3. BB8 further argues that such discovery is necessary and proportional to the needs of the case because it raises a fraud counterclaim that must be proven by clear and convincing evidence under Nevada law. *Id*. at 3. BB8 opposes the attorney's eyes only designation request finding it disingenuous because Glorium never raised privacy concerns in its several communications and meet and confers regarding the interrogatories before including its concern in the Motion for Protective Order. *Id*. at 4, 15. BB8 discounts any privacy interests, because the nonparties' names already appear on the publicly available docket. *Id*. at 4. Moreover, BB8 explains there are allegations that at least some—if not all—of the nonparty individuals are fictitious so there can be no legitimate privacy concerns over information connected with made up names. *Id*. at 15. Glorium did not file a Reply.

**III.    Discussion**

        a.    <u>Glorium Must Submit Amended Responses to BB8's Interrogatories with Some Limitations Applied</u>.

Glorium does not dispute that, at least to some extent, it must submit amended responses to BB8's interrogatories. Nearly five months ago, Glorium stated it would submit amended responses to "(1) remove all objections, (2) include proper verification by a corporate officer, and (3) provide complete, substantive answers to each interrogatory, without any objection." ECF No. 60-16 at 2. Even when Glorium failed to meet this deadline, it said it would strive to provide "its amended responses to the interrogatories as soon as is humanly practicable." ECF No. 60-17 at 2. Finally, in its November 13, 2025 brief, Glorium represented it was still working to amend the interrogatory responses that were "likely [to] be served by November 18, 2025." ECF No. 63 at 10.

Despite Glorium's representations, nothing before the Court evidences amended responses were ever served. BB8's filings on November 20 and November 27, 2025, do not mention service of amended responses. ECF Nos. 65 and 67. In fact, BB8's Motion to Strike, dated December 16,

2025, submits it still had not received amended responses.[5] ECF No. 69 at 5. Lastly, no stipulation or status report appears on the docket to indicate that amended responses were received.

Glorium's amendments are long overdue. Glorium plainly represented it would amend its responses to opposing counsel on multiple occasions. At this juncture, Glorium's failure to fulfill a basic discovery responsibility is not excusable. With respect to any objections raised by Glorium, "it is well established that a failure to timely object to interrogatories constitutes a waiver of any objection." *GW Grundbesitz AG v. Gunn*, Case No. 2:21-cv-02074-CDS-NJK, 2023 WL 4546437, at *10 (D. Nev. July 14, 2023) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Furthermore, it is equally well established that interrogatories directed to artificial entities must be answered and signed by "any officer or agent" of the entity. Fed. R. Civ. Pro. 33(b); *Stark v. Shein Distribution Corp.*, Case No. CV 22-6016 WLH (RAOx), 2024 WL 3468750, at *3 (C.D. Cal. May 3, 2024). Glorium does not dispute this law; nor does it dispute BB8's argument that their interrogatory responses are evasive and nonresponsive. Glorium raises proportionality—an objection it waived—but its argument lacks specifics. ECF No. 63 at 10-11.

The above said, the Court finds certain interrogatories are so broad as to render responses to some portions of the requests disproportionate to the needs of the case. As the Supreme Court explains, "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). To that end, "district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (quoting Fed. R. Civ. Pro. 26(c)). In reliance upon this language, the Court may exercise its authority to limit interrogatories despite a party waiving its ability to object. *Anthony v. Pro Custom Solar, LLC*, Case No. EDCV 20-1968-JAK (KKx), 2022 WL 17216822, at *4 (C.D. Cal. Aug. 12, 2022). Similarly, "[a] party's failure to object to a discovery request does not automatically warrant an order to compel. Under Rule 26(b)(2)(C), the court has an independent duty to 'limit the frequency or extent of discovery' on its

---

[5] The Court takes judicial notice of its own docket. Fed. R. Evid. 201(b); *James v. Hedgpeth*, Case No. 1:10-cv-01975-LJO, 2011 WL 22633 (E.D. Cal. Jan. 4, 2011).

own." *Drive Time Auto., Inc. v. Marlon Deguzman*, Case No. 2:14-cv-782-RFB-VCF, 2015 WL 316817, at *3 (D. Nev. Jan. 23, 2015).

Here, the Court has concerns with three of the interrogatories at issue. Interrogatory No. 2 states:

> Describe in detail all meetings, calls, or communications—internal or external—regarding the progress of the software development for BB8 from commencement of the project to date of response to this interrogatory. This would include all relevant dates as well as the full names of participants.

ECF No. 60-14 at 4-5. Applicable to the wording used, BB8 defines "communication" as including "any act or instance of transferring, transmitting, passing, delivering, or giving information, by oral, written, or electronic means …." ECF No. 60-2 at 5. To fully respond Glorium would have to recreate "in detail" every oral conversation in passing or comment responsive to this interrogatory. The Court finds it appropriate to limit the interrogatory to require documented meetings, calls, or communications. Glorium must search for and provide a response that references these interactions providing a complete, unobjected to answer to Interrogatory No. 2.

Interrogatory Nos. 24 and 25 request a description of services provided to and compensation received by 55 individuals and entities. ECF No. 60-2 at 13-14. The Court finds responses for all 55 of those who provided testimonials disproportionate to the needs of the case and, thus, narrows the request to a sample. Based on the 31 individuals and 24 entities listed, the Court selected every fifth individual and every fourth entity on the list resulting in requiring Glorium to provide information for: Anthony Richard Casey, Dave Milikien, Imogene Welch, Michael Craig, Philip Hoover, Brandon Lopez, Gwendoline Fox, Joshua Geurts, Acadian of Frisco Texas, Forward Advantage, Keahole Solar Power, Ophardt Hygiene, Project Ipsilon BV, Softhread, pulsebeat.io, and US Department of Veteran's Affairs. This Order does not preclude BB8 from returning to the Court to request additional discovery should the information responsive to the sample lead to relevant information.[6]

---

[6] BB8 says these interrogatories are made in connection with its fraud claim. ECF No. 67 at 11-15. Fraudulent misrepresentation is defined as: "(1) A false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

b.      The Motion for Protective Order is Untimely.

While Federal Rule of Civil Procedure 26 does not set an explicit timeline to file a motion for protective order, courts across the country have found "an implicit requirement that the motion be timely, or seasonable" and, in this context, "a motion for protective order is timely if made prior to the date set for the discovery." *Seminara v. City of Long Beach*, 68 F.3d 481, 1995 WL 598097 at *4 (9th Cir. 1995) (unpublished) (citing *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *Barten v. State Farm Mut. Auto. Ins. Co.*, Case No. CV-12-00399-TUC-CKJ, 2014 WL 348215, at **1-2 (D. Ariz. Jan. 31, 2014).  Glorium's Motion for Protective Order was submitted November 13, 2025, several months after BB8's interrogatories were propounded and long after any of their responses were due.  ECF No. 64 at 4.  Based on the timing, it is reasonable for the Court to infer that this Motion was filed in response to the Motion to Compel.  Further, the Motion for Protective Order fails to address timeliness or, more broadly, good cause.  Based on the foregoing, the Motion for Protective Order is denied.

Even so, the Court addresses Glorium's request that responses to Interrogatory Nos. 24 and 25 be produced for attorneys' eyes only.  The Court finds Glorium fails to explain why an attorneys' eyes only production is warranted when there is a Stipulated Confidentiality Agreement and Protective Order ("SPO") that should suffice to protect the privacy of the production.  ECF No. 46.  Designation under the SPO adequately addresses Glorium's concerns.[7]  To the extent it is not clear from the SPO, a document marked as confidential means no disclosure to anyone outside of the represented parties and no disclosure for any other purpose than this litigation.

**IV.     Attorney's Fees and Sanctions**

a.      The Court Grants BB8's Request for Attorney's Fees.

When a Court grants a motion to compel in part, any award of fees falls under Rule 37(a)(5)(C) rather than Rule 37(a)(5)(A).  *Wilson v. Greater Las Vegas Ass'n of Realtors*, Case No. 2:14-cv-00362-APG-NJK, 2016 WL 4087272, at *1 (D. Nev. July 28, 2016).  This is the case even when the "lion's share" of the motion to compel is granted.  *Id*.  While circumstances ordinarily

---

[7]      With respect to Glorium's concern that such information may be displayed on the public docket, it is reminded that it may pursue those concerns through a motion to seal.

warranting an award may be set aside if opposition to the discovery request is substantially justified (*see id*. citing *Limtiaco v. Auction Cars.Com, LLC*, Case No. 2:11-cv-00370-MMD-CWH, 2012 WL 5179708 (D. Nev. Oct. 17, 2012), no substantial justification excuses the repeated, lengthy failures to respond that are detailed above. Accordingly, the Court finds that an award of attorney's fees, as detailed in the Order below, is properly granted.

      b.    Other Sanctions.

BB8 requests evidentiary sanctions, including case terminating sanctions. ECF No. 60 at 19. The Court declines to enter such sanctions at this time. Terminating sanctions are "very severe" and require a showing of "willfulness, bad faith, and fault" to support their imposition. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). While the Court disapproves of Glorium's failure to participate in timely discovery, the Court does not find bad faith. BB8 opines that even if the Court orders Glorium to amend its interrogatory responses, Glorium will ignore the Court's order. ECF No. 60 at 19. If, in fact, BB8 is proved correct, then BB8 can bring a motion seeking an order to show cause why Glorium should not be found in civil contempt, which could result in daily fines, an adverse jury instruction, or the entry of default.

Lessor sanctions, including sanctions to deem facts established or that preclude Glorium from presenting evidence on an issue, are also declined at this time. The Court finds *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334 (9th Cir. 1985) to be instructive. In *Fjelstad*, the district court imposed Rule 37 sanctions based on the defendant's "incomplete, evasive, and in some cases false" interrogatory responses. 762 F.2d at 1339. The Ninth Circuit reversed because there was no finding that the interrogatory responses were meritless or made in bad faith and, moreover, Rule 37 did not extend authority to sanction where a party filed partial interrogatory responses. *Id*.

Even accepting that Glorium's responses remain incomplete, the Court finds the same reasoning applies. Albeit flawed for the reasons discussed above, Glorium submitted interrogatory responses. *See* ECF No. 61-5. The Court does not find bad faith and it cannot conclude Glorium's objections were substantively meritless particularly since the Court limited certain interrogatories in its independent review. Because the Court is confronted with responses that are delayed, incomplete, and evasive—as opposed to nonexistent—the matter is properly addressed by compelling complete

responses. *See Peterson v. sanofi-aventis U.S. LLC*, Case No. CV-12-202-LRS, 2013 WL 4215174, at *1 (E.D. Wash. Aug. 15, 2013) ("While Rule 37(a) provides sanctions for evasive responses, Rule 37(d) only provides sanctions for a complete failure … to [respond], and is thus not applicable here."). The Court grants BB8's Motion to Compel consistent with the limitations set forth in this order and awards attorney's fees.

**V.      Order**

Accordingly, IT IS HEREBY ORDERED that BB8's Motion for Evidence and Terminating Sanctions or to Compel and for Rescheduling as Necessary (ECF No. 60) is GRANTED in accordance with the foregoing provisions of this Order.

IT IS FURTHER ORDERED that Glorium must serve BB8 Amended Responses to the Interrogatories as set forth in this Order no later than **April 13, 2026**.

IT IS FURTHER ORDERED that no other discovery is permitted absent an order of the Court.

IT IS FURTHER ORDERED that BB8's request for an award of attorneys' fees and costs is GRANTED.

IT IS FURTHER ORDERED that BB8 must file a memorandum detailing the fees (and costs, if any) incurred in attempting to avoid the need for a motion to compel, as well as fees incurred related to preparation of the Motion to Compel, review of the Opposition, and preparation of the Reply. The memorandum must include all time spent and identify all lawyers who worked on these tasks. For the lawyers, BB8 must provide relevant education and experience that justifies their billing rates. Hours billed must be in tenths of hours. The memorandum must be filed no later than **April 3, 2026**. Plaintiff may file a response no later than **April 17**, **2026**. No reply is permitted without leave of Court.

IT IS FURTHER ORDERED that Glorium's Motion for Protective Order (ECF No. 64) is DENIED.

Dated this 23rd day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

10