UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Glorium Technologies Corp., | Case No. 2:24-cv-00712-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| BB8, LLC, | |
| Defendant. | |
| BB8, LLC, | |
| Counterclaimant, | |
| v. | |
| Glorium Technologies Corp., | |
| Counterclaim Defendant. | |

Pending before the Court is BB8, LLC's Memorandum of Points and Authorities in Support of Award of Attorneys' Fees and Costs. ECF No. 76. The Court considered BB8's Memorandum and the Response thereto. ECF No. 77.

## I.    Discussion

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992)). Here, the Court ordered an award of attorney's fees (and costs) incurred by BB8 for bringing a Motion to Compel. ECF No. 60.

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.,* 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly

rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at \*1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted). The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id*. *citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[1]

A.    The Rates Charged.

Counsel for BB8, Matthew M. Kremer, submitted a declaration establishing his standard rate as well as the hourly rate charged in this case based on "an agreement for lodestone-type compensation upon a successful outcome of this litigation." ECF No. 76-1 ¶ 8. Mr. Kremer has been practicing law since 1978 and is A-v Preeminent rated by Martindale-Hubbell. *Id*. ¶¶ 4, 6. The total fees sought by BB8 for Mr. Kremer's time associated with the Motion to Compel is $16,318.75. The rate charged by Mr. Kremer is reasonable given his experience and expertise when compared to others in the Las Vegas legal community with similar credentials. Further, Glorium does not object to the hourly rate requested. ECF No. 77 at 4.

B.    Time Charged.

The Court reviewed every entry in the billing records provided. The Court finds Mr. Kremer's entries for "Letter[s] to RF," who is identified as a paralegal, lack sufficient description to support granting an award of fees. The Court attempted to capture all of these entries and calculates

---

[1] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen,* 214 F.3d at 1045 n. 2 (citing *Hensley,* 461 U.S. at 430 n. 3).

11.4 hours of time is appropriately deducted from the award.  This reduces the time charged by Mr. Kremer from 93.25 hours (*see* ECF No. 76-2 at 26) to 81.85 hours.  Further, Mr. Kremer intermittently billed for .05 hours of time (three minute increments).  *See*, for example, entries for .15, .25, .35,  .45, .55,  and .65  periods of time).  No explanation is offered for this billing anomaly calling into question the appropriateness of an award of fees for these entries.  Indeed, billing for three minute increments is outside standard billing practices for Clark County, Nevada in which attorney time is billed solely in tenths of hours.  Thus, eliminating the occasions where three minutes (.05) was added to billed time for Letters to RF, as this would result in deducting the same hours twice, the Court found approximately 51 occasions where three minutes (.05) was added to the time charged.  The Court rounded these entries down to the nearest hour leading to a reduction of 153 minutes or 2.6 hours of (rounded) time billed.  In sum, the Court denies an award of fees for 14 hours of time billed by Mr. Kremer.  At $175 per hour, fees for the remaining 79.25 hours billed by Mr. Kremer equates to $13,868.75.

The Court further finds the time billed by Mr. Fojo is impermissible.  The work is largely duplicative of work done by Mr. Kremer and or work that should not have been performed by a paralegal (e.g. drafting arguments in support of the motion to compel).  Moreover, Mr. Fojo's need to review documents with which Mr. Kremer was familiar was inefficient and unnecessary.  Finally, time billed for internal communication between Mr. Fojo and Mr. Kremer was (i) excessive given work that should have been performed by counsel, and (ii) duplicative of unnecessary work.  In sum, while the hourly rate charged for Mr. Fojo's time was reasonable, his time spent was not.

**V.      Order**

Accordingly, IT IS HEREBY ORDERED that BB8's award of attorney's fees is granted in the total amount of $13,868.75.  No costs were requested.

IT IS FURTHER ORDERED that payment of these fees **must** be made no later than thirty (30) days after the date of this Order unless a stay of this Order is granted.

Dated this 12th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3